Michael E. Quiat, Esq.
Atty ID No. 015911985
USCHER, QUIAT, USCHER & RUSSO
A Professional Corporation
433 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Phone  201-342-7100
Fax    201-342-1810
***Attorneys for Plaintiff, James Venusti***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES VENUSTI,<br><br>    Plaintiff,<br><br>vs.<br><br>HORIZON BLUE CROSS<br>AND BLUE SHIELD OF<br>NEW JERSEY<br><br>    Defendant. | Civil Action No. _____<br><br>ECF CASE<br><br><br>COMPLAINT |

Plaintiff, JAMES VENUSTI (hereinafter "Plaintiff" or "Mr. Venusti"), by way of Complaint against the Defendant, HORIZON BLUE CROSS AND BLUE SHIELD OF NEW JERSEY (hereinafter "Horizon"), alleges as follows:

1. Plaintiff is a resident of the State of New Jersey, County of Bergen, with a principal residence in Mahwah, New Jersey.

2. Defendant, Horizon, is a health insurance carrier licensed to do business in the State of New Jersey with a principal place of business in Newark, New Jersey.

3. Jurisdiction and venue are proper in this Court pursuant to 29 U.S.C. §1001 *et seq.*, 28 U.S.C. §1332 *et seq.* and 28 U.S.C. §1392 *et seq.*

## ESSENTIAL FACTS

4.  Plaintiff, James Venusti (hereinafter referred to as "Mr. Venusti" or "Plaintiff"), is a 67 year-old man who lives in Mahwah, New Jersey.

5.  Mr. Venusti is the sole owner and operator of Ramsey Autobody & Collision, Inc. (hereinafter "Ramsey"), an automobile repair shop in Upper Saddle River, New Jersey. Since July 2011, Mr. Venusti has been insured for healthcare benefits by Horizon under the Ramsey Plan, specifically the "Advantage EPO" program identified as Horizon Group No. 0000SEPX1 (hereinafter referred to as the "Plan"). As such, Plaintiff was a beneficiary under the Plan and has standing to bring this action.

6.  The Plan is an employee welfare benefit plan provided by Ramsey, and therefore the plan is governed by the Employee Retirement Income Security Act (ERISA). 29 C.F.R. § 2560.503-1.

7.  Horizon was the plan administrator and a plan fiduciary.

8.  The Plan, renewed annually, was renewed on September 1, 2018, when Mr. Venusti was 66 years old.

9.  All premiums due for the coverage under the Plan were timely paid by Plaintiff, and there was no lapse in coverage.

### Medical Crisis

10. Mr. Venusti was diagnosed with throat cancer in or around February 2019 and his medical providers recommended that he undergo aggressive chemotherapy and radiation treatments beginning in March 2019.

2

11. Mr. Venusti and his healthcare providers, including Valley Hospital, specifically confirmed with Horizon that he was fully covered by the Horizon plan for the necessary treatments. Indeed, during his second week of treatment, Mr. Venusti's medical providers were informed that his maximum out of pocket expenses for the cost of these in-network treatments would be $9,000.00, as per the terms of the Plan.

12. Mr. Venusti underwent approximately 8 weeks of chemotherapy and 35 days of radiation treatments at the direction of his medical providers.

13. As Mr. Venusti's extensive treatments continued, Defendant Horizon paid some, but not all, of the costs for same. Thereafter, despite its representations to the contrary, Horizon systematically denied payment of the vast majority of the bills incurred, generating a myriad of reasons why it was not obligated to pay those bills.

14. As a result of Horizon's decision to deny coverage for Mr. Venusti's cancer treatments, Mr. Venusti has now been charged the vast majority of the costs of the cancer treatments he received from February 2019 through June 2019, in an amount in excess of $200,000.00.

15. On October 1, 2019, counsel for Mr. Venusti timely sent a letter to Horizon advising that Horizon's decision to deny full coverage to Mr. Venusti was being appealed and requested that Horizon send a copy of Mr. Venusti's plan documents and Horizon's Administrative Record in accordance with his rights under ERISA. 29 C.F.R. § 2560.503-1(h)(2)(iii).

16. The above appeal letter was sent to Horizon once again on October 16, 2019.

17.     Since the administrative appeal is governed by ERISA, Horizon was required to respond to the request for these materials within 60 days, or by December 16, 2019, at the latest, absent a timely requested extension. See, 29 CFR § 2560-503.1(i)(1)(i).

18.     As of the date of this filing, Horizon has failed to respond to Plaintiff's request for plan documents and the Administrative Record, in clear violation of ERISA regulations, namely 29 CFR § 2560-503.1(i)(1)(i) and (h)(2)(iii).

19.     The Defendant's decision in this case to deny coverage for Mr. Venusti's cancer treatments from February 2019 through June 2019 was wrongful, contrary to law, and deprived Plaintiff of the benefits to which he is entitled under the terms of the Horizon health plan.

## AS AND FOR A FIRST CAUSE OF ACTION

20.     Plaintiff repeats and re-alleges each and every allegation set forth above at paragraphs 1-19, as if fully set forth again herein.

21.     Defendant has failed to decide Plaintiff's appeal or to provide Plaintiff with the requested documents within the requirements of Department of Labor (DOL) Regulations and as such, this appeal in now "deemed denied" as a matter of law. 29 CFR §2560.503-1(l)(2). Accordingly, the standard of review applicable to this case is *de novo*.

22.     Defendants' denial of Plaintiff's medical benefits was contrary to law. Plaintiff was deprived of a full and fair review when he appealed the denial of these benefits in October 2019.

23.     By virtue of the foregoing, the Defendants have breached the terms of the Plan and have violated the requirements of the Employee Retirement Income Security Act, 29 USC § 1132 (a)(1)(B), § 502(a)(1)(B) and applicable regulations thereunder.

## AS AND FOR A SECOND CAUSE OF ACTION
### (In The Alternative)

24. Plaintiff repeats and re-alleges each and every allegation set forth above at paragraphs 1-23, as if fully set forth again herein.

25. By virtue of the foregoing, the Defendant's denial of coverage for Mr. Venusti's cancer treatments from February 2019 through June 2019 is a violation of applicable law, and constitutes a breach of the Defendant's fiduciary duty owed to Plaintiff under §502(a)(3), 29 USC § 1132(a)(3), placing Defendant's own interests over that of Plaintiff. Such breach caused Plaintiff's damage to his credit and his ability to maintain his financial obligations.

26. Among the fiduciary duties breached by Defendants are: (i) failing to inform Mr. Venusti of any preconditions to coverage which would justify Horizon's denial of benefits under the Plan; (ii) failing to give proper consideration to the equities of whether Plaintiff's health benefits should be approved; (iii) accepting premiums for coverage which Defendant has refused to provide; (iv) failing to respond to Plaintiff's appeal in a timely manner as prescribed by applicable ERISA regulations; (v) failing to conduct a proper review of Plaintiff's administrative appeal; (vi) failing to provide the requested documentation as prescribed by applicable ERISA regulations; (vii) misrepresenting the nature and extent of Mr. Venusti's coverage; and (viii) placing its own financial interests over the interests of the Plaintiff by depriving benefits to which he is entitled under the Plan.

27. By virtue of the Defendant's breach of fiduciary duty, Plaintiff has incurred losses and harm, separate, apart, and in addition to his right to benefits under the terms of the Plan. Accordingly, Plaintiff is entitled to equitable, "make-whole" relief which compensates Plaintiff for the losses he sustained, plus interest and attorney's fees.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of the Plaintiff and against the Defendants as follows:

(a) On the First Cause of Action:

    (i) Ordering, adjudging and decreeing that Plaintiff is entitled to be reimbursed the total for medical treatments he received between February 2019 and June 2019, as per the Plan;

    (ii) Granting to Plaintiff his costs of suit, including reasonable attorney's fees.

(b) On the Second Cause of Action:

    (iii) Ordering, adjudging and decreeing that Defendant has breached its fiduciary duty to Plaintiff, causing him substantial harm and loss, and awarding appropriate equitable, "make-whole" relief to restore Plaintiff to the position he would have been in, but for the breach of fiduciary duty.

    (i) Granting to Plaintiff his costs of suit, including reasonable attorney's fees.

                                         USCHER QUIAT, USCHER & RUSSO
                                         A Professional Corporation
                                         433 Hackensack Avenue, 2nd Floor
                                         Hackensack, NJ 07601
                                         Phone  201-342-7100
                                         Fax     201-342-1810

Dated: January 22, 2020        By:    /s/Michael E. Quiat
                                                   MICHAEL E. QUIAT
                                                   Atty ID No. 015911985
                                                   ***Attorney for Plaintiff,***
                                                   ***James Venusti***

*G:\Insurance\Venusti, James\Litigation\Complaint - Horizon.docx*